Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ÁNGEL DAVID MORALES VALLELLANES Y OTROS<br><br>Peticionario<br><br>Vs.<br><br>GABRIELA LÓPEZ ROSA<br><br>Recurrido | KLCE202500451 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre: Daños y Perjuicios<br><br>Caso Núm.: SJ2023CV08614 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de julio de 2025.

Comparecen el Sr. Ángel David Morales Vallellanes (en adelante, "señor Morales Vallellanes") y su esposa, la Sra. Verónica Inés Góez Lozano (en adelante, "señora Góez Lozano") (en conjunto, "demandantes-peticionarios") y nos solicitan que revoquemos la *Resolución* emitida el 3 de marzo de 2025 por el Tribunal de Primera Instancia,[1] Sala Superior de San Juan (en adelante, "TPI" o "foro de instancia").[2] En esta el TPI declaró *No Ha Lugar* la moción de sentencia sumaria parcial presentada por los demandantes, al entender que no se encontraba en posición de resolver el caso mediante sentencia sumaria. Asimismo, determinó que correspondía la celebración de un juicio plenario.

Evaluados los planteamientos de las partes comparecientes, **denegamos** el auto solicitado.

---

[1] Notificada al día siguiente.
[2] Apéndice de los peticionarios, Anejo IV, a las págs. 12-24.

Número Identificador
SEN2025_____

**-I-**

El presente caso se inició el **12 de septiembre de 2023**, cuando el señor Morales Vallellanes y la señora Góez Lozano incoaron una *Demanda* en contra de la Sra. Gabriela López Rosa (en adelante, "señora López Rosa" o "demandada-recurrida") por daños y perjuicios y difamación.[3] El señor Morales Vallellanes reclamó que, como consecuencia de una denuncia de hostigamiento sexual, realizada de manera negligente y maliciosa por parte de la señora López Rosa, él y su esposa sufrieron daños a ser resarcidos.

Por su parte, la señora López Rosa presentó el **13 de octubre de 2023**, una *Moción de desestimación al amparo de la regla 10.2 y 10.5 de las de Procedimiento Civil.*[4]

Evaluado los planteamientos de ambas partes, el **5 de noviembre de 2023**,[5] el TPI emitió una *Resolución* en la cual declaró *No Ha Lugar* a la solicitud de desestimación presentada por la señora López Rosa.[6]

De modo que, el **11 de diciembre de 2023** la señora López Rosa radicó la *Contestación a demanda.*[7] En esencia, negó las alegaciones de la demanda y solicitó la desestimación de esta. Además, sometió ante la consideración del foro de instancia una *Moción de Desestimación: (1) Falta de Parte Indispensable (USPS) y (2) falta de Agotamiento de Remedios (Federal Torts Claim Act).*[8]

Posteriormente, el **15 de diciembre de 2023** los demandantes-peticionarios presentaron una *Moción Informativa* en la cual notificaron haber cursado a la demandada-recurrida un

---

[3] Apéndice de los peticionarios, Anejo XIX, a las págs. 111-115.
[4] Véase, Entrada 6 del caso SJ2023CV08614, en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Notificada al día siguiente.
[6] Véase, Entrada 11 del caso SJ2023CV08614, en SUMAC.
[7] Apéndice de los peticionarios, Anejo XX, a las págs. 116-119.
[8] Véase, Entrada 20 del caso SJ2023CV08614, en SUMAC.

requerimiento de admisiones en la misma fecha de presentación de la moción.[9]

Así pues, el **2 de enero de 2024** la señora López Rosa presentó una *Solicitud Urgente de Orden* en la cual solicitó que no se le obligara a comenzar y/o responder el descubrimiento de prueba, hasta tanto se atendiera la moción dispositiva previamente presentada.[10] Además, solicitó una prórroga de 30 días, a partir de la determinación del tribunal sobre la moción dispositiva.

En respuesta a ello, **ese mismo día**, el TPI notificó una *Orden* en la cual concedió lo solicitado.[11]

A tales efectos, el **8 de enero de 2024** los demandantes-peticionarios radicaron: *Oposición a segunda solicitud de desestimación.*[12]

Luego de evaluados los escritos de ambas partes, **más tarde en el día**, el TPI emitió una *Resolución* en la que declaró *No Ha Lugar* la solicitud de desestimación presentada por la demandada-recurrida.[13] Asimismo, concedió a esta última un término de 30 días para contestar el requerimiento de admisiones previamente cursado.

Transcurrido un mes, el **8 de febrero de 2024** los demandantes-peticionarios presentaron una *Moción informativa sobre incumplimiento y solicitud para que se tenga por admitido el requerimiento de admisiones.*[14] En síntesis, solicitaron que, ante la ausencia de contestación alguna por parte de la demandada-recurrida al requerimiento de admisiones, se tomaran por admitidos todos los requerimientos de admisiones notificados, tal como si hubiesen sido contestados afirmativamente.

---

[9] Apéndice de los peticionarios, Anejo XVIII, a la pág. 110.
[10] Apéndice de los peticionarios, Anejo XVI, a la pág. 108.
[11] Véase, Entrada 29 del caso SJ2023CV08614, en SUMAC.
[12] Apéndice de la recurrida, Anejo 1, a las págs. 1-2. Véase, Entrada 30 del caso SJ2023CV08614, en SUMAC.
[13] Véase, Entrada 31 del caso SJ2023CV08614, en SUMAC.
[14] Apéndice de los peticionarios, Anejo XIV, a las págs. 105-106.

Así las cosas, **en la misma fecha**, el TPI notificó una *Orden* en la que concedió lo solicitado por los demandantes-peticionarios.[15]

Pasados los días, el **13 de febrero de 2024** los demandantes-peticionarios sometieron una *Moción Informativa,* en la cual notificaron haberle cursado a la demandada-recurrida, en esa misma fecha, una solicitud de producción de documentos.[16]

De otro lado, surge de la *Minuta* correspondiente a la vista celebrada el **21 de febrero de 2024**, que el TPI concedió a la demandada-recurrida un término de cinco (5) días para presentar el Informe Para el Manejo de Caso, así como un término de quince (15) días para contestar el Primer Pliego de Interrogatorios y Producción de documentos cursados por los demandantes-peticionarios.[17] Además, concedió un término de cinco (5) días para que las partes confirmaran las fechas de las deposiciones, y estableció los términos en que las partes habrían de rendir sus informes periciales.

De conformidad con lo ordenado, el **4 de marzo de 2024** los demandantes-peticionarios presentaron una *Moción informativa sobre incumplimiento de orden y solicitud desacato contra la parte demandada.*[18] En esencia, señalaron que, ante el incumplimiento de la demandada-recurrida, procedía que el TPI le encontrara incursa en desacato y le impusiera severas sanciones económicas.

Consecuentemente, el **4 de marzo de 2024**, el foro de instancia emitió una *Orden* mediante la cual le concedió a la demandada-recurrida un término de cinco (5) días para que presentara su posición.

A esos fines, el **7 de marzo de 2024**, la demandada-recurrida notificó mediante una *Moción en cumplimiento de Orden* haberle remitido a los demandantes-peticionarios el informe para manejo del

---

[15] Apéndice de los peticionarios, Anejo XIII, a la pág. 104.
[16] Véase, Entrada 36 del caso SJ2023CV08614, en SUMAC.
[17] Véase, Entrada 41 del caso SJ2023CV08614, en SUMAC.
[18] Véase, Entrada 42 del caso SJ2023CV08614, en SUMAC.

caso, contestaciones a interrogatorios, requerimiento de producción y requerimientos de admisiones juramentadas.[19]

No obstante, el **7 de marzo de 2024**, el foro de instancia emitió una *Orden* en la que determinó que la demandada-recurrida no cumplió con lo ordenado el 4 de marzo de 2024.[20]

En vista de ello, el **8 de marzo de 2024** la demandada-recurrida radicó una *Moción en Cumplimiento de Orden*.[21] En esencia, argumentó que no procedía la solicitud de desacato, porque los demandantes-peticionarios no cumplieron con la Regla 34 de Procedimiento Civil y porque la solicitud se había tornado académica al presentar sus contestaciones y su parte del Informe Para el Manejo del Caso.

Atendida la moción presentada por la demandada-recurrida, el TPI notificó -**el mismo día**- una *Orden* en la cual expresó lo siguiente:[22]

> *En estos momentos nada que proveer. Tome nota parte demandada que la parte demandante no tenía que cumplir con lo dispuesto en la Regla 34 pues el incumplimiento de las partes fue con lo ordenado por el Tribunal en su orden de calendarización. Ciertamente, de los autos surge que las partes no cumplieron con el término provisto por el Tribunal.*

Posterior a ello, el **11 de marzo de 2024** el foro de instancia aclaró que quien incumplió con lo ordenado por el tribunal fue la demandada-recurrida.[23]

Consecuentemente, el **13 de marzo de 2024** el TPI emitió una *Orden* en la cual le concedió a la demandada-recurrida hasta el 18 de marzo de 2024, como último término para cumplir con lo ordenado por el Tribunal y presentar el Informe Para el Manejo de Caso, so pena de sanciones.[24]

---

[19] Véase, Entrada 44 del caso SJ2023CV08614, en SUMAC.
[20] Véase, Entrada 45 del caso SJ2023CV08614, en SUMAC.
[21] Véase, Entrada 46 del caso SJ2023CV08614, en SUMAC.
[22] Véase, Entrada 47 del caso SJ2023CV08614, en SUMAC.
[23] Véase, Entrada 49 del caso SJ2023CV08614, en SUMAC.
[24] Véase, Entrada 51 del caso SJ2023CV08614, en SUMAC.

Llegado el **19 de marzo de 2024**, los demandantes-peticionarios sometieron una *Moción Informativa* en la cual arguyeron que la demandada-recurrida no cumplió con lo ordenado.[25] No obstante, la señora López Rosa presentó una *Moción Informando Incumplimiento del Demandante y Respuesta a "Moción Informativa"* y alegó que no incumplió con lo ordenado por el tribunal.[26] Por el contrario, indicó que le había remitido su parte del Informe Para el Manejo del Caso a los demandantes-peticionarios desde el 7 de marzo de 2024, pero que estos no lo integraron al suyo de modo que se pudiese radicar.

A modo de réplica, el **19 de marzo de 2024** los demandantes-peticionarios radicaron una *Réplica a moción informando incumplimiento* para negar lo aseverado por la señora López Rosa y, además, solicitar al TPI que le impusiera severas sanciones económicas.

No obstante lo anterior, el **20 de marzo de 2024**, el TPI notificó una *Orden* en la cual determinó que no le impondría sanciones a la señora López Rosa.[27]

Eventualmente, el **12 de julio de 2024** la demandada-recurrida presentó una *Moción Informativa sobre Representación Legal Deficiente y en Solicitud de Remedio*.[28] En esencia, solicitó al tribunal que dada a la inefectiva representación legal que recibió, reconsiderara la decisión del 8 de febrero de 2024 y le permitiera presentar las contestaciones al Requerimiento de Admisiones.

Posteriormente, el **23 de julio de 2024** el TPI emitió una *Orden de Calendarización*. En esta mantuvo su determinación en cuanto al requerimiento de admisiones cursado por los demandantes-peticionarios a la señora López Rosa.[29]

---

[25] Véase, Entrada 52 del caso SJ2023CV08614, en SUMAC.
[26] Véase, Entrada 53 del caso SJ2023CV08614, en SUMAC.
[27] Véase, Entrada 56 del caso SJ2023CV08614, en SUMAC.
[28] Apéndice de los peticionarios, Anejo XII, a las págs. 83-103.
[29] Apéndice de los peticionarios, Anejo XI, a las págs. 79-82.

Transcurridos varios trámites procesales, el **17 de octubre de 2024**, los demandantes-peticionarios presentaron una *Moción de sentencia sumaria parcial.*[30] En esencia, solicitaron que se declarara a la señora López Rosa responsable de difamar al señor Morales Vallellanes.

Así pues, el **26 de noviembre de 2024** la demandada-recurrida sometió su *Oposición a solicitud de sentencia sumaria parcial presentada por la parte demandante.* Alegó que no procedía se dictara sentencia sumaria dada que no se había culminado el descubrimiento de prueba, o en la alternativa, por existir controversias de hechos.

Luego de evaluar los planteamientos de las partes, el **27 de noviembre de 2024**,[31] el TPI emitió una *Orden* en la cual determinó lo siguiente:

> *Con el presente escrito queda sometida a la consideración del Tribunal solicitud de sentencia sumaria parcial presentada por la parte demandante. Absténganse las partes de presentar escritos adicionales, salvo así se los requiera el Tribunal.*

Más adelante, el **3 de marzo de 2025**,[32] el TPI emitió la *Resolución* recurrida,[33] en la que hizo las siguientes determinaciones de hechos incontrovertidas:

1. El 6 de marzo de 2023, López Rosa presentó una querella en contra de Morales Vallellanes por acoso u hostigamiento sexual, ambiente laboral hostil y abuso emocional.
2. Mediante la querella, López Rosa solicitó que removieran a Morales Vallellanes de su puesto en la Estación de Plaza las Américas del USPS y que lo colocaran en una asignación donde no tuviera interacción con otros empleados.
3. De la querella no surge que la parte demandada tildó a Morales Vallellanes como depredador sexual ("sexual predator").
4. Entre los ejemplos de situaciones relacionadas a Morales Vallellanes, la parte demandada expuso que:
   > *I don't have a date, but on two occasions about a year ago, he told me that I had a stain on my pants (on my buttocks) to please look. The undertone of his*

---

[30] Apéndice de los peticionarios, Anejo X, a las págs. 52-78.
[31] Apéndice de los peticionarios, Anejo V, a la pág. 25.
[32] Notificada al día siguiente.
[33] Apéndice de los peticionarios, Anejo IV, a las págs. 12-24.

> *statement was sexual. On November 23 and 29, 2022, while I was at the retail window, Mr. Morales went into the cubicle of the retail window, invading my personal space. This cubicle has enough space for one person. I told him to let me out before he got in, but he did not. (I told this to Celines Cautiño). On December 29, 2022, I sat down at the office computer to look for a USPS tracking number, and Mr. Morales came up to me and told me to get out and that he would look for the tracking number. My coworker, Jesús Cruz, even asked me jokingly if I had a bodyguard, as Mr. Morales was so close that it was how he saw it. On March 2, 2023, he stood about five paces away from the time clock at 5:15 PM (he clocks out at 5:30 PM) to watch me. Again, I felt sexually harassed because what was he doing standing there? Is he looking at my buttocks? This was my perception of the incident as I stood uncomfortable, waiting to clock out.*
> *On March 3, 2023, when I walked into the station with Jesús Cruz at 8:45 AM, Jesús saw Mr. Morales looking through the cameras. He spends all day with the door closed in the office where the cameras are; if he opens the door, it is like ¼ open. I feel him watching me through the cameras. I know this because the supervisors come to the station to address different issues. They can only know if Mr. Morales saw through the cameras. The supervisors also let us know that Mr. Morales informed them. It is not a secret that he constantly tells on us, and the supervisors are afraid of him, so they do his bidding.*

5. Como consecuencia de la querella en contra de Morales Vallellanes, se llevó a cabo una investigación donde López Rosa y otras personas fueron entrevistadas.

6. Morales Vallellanes fue removido de la estación por un espacio aproximado de dos (2) meses, como consecuencia de la denuncia de López Rosa.[34]

De igual modo, el TPI hizo las siguientes determinaciones de hechos que están en controversia:

1. Si la querella que hizo la parte demandada se basó en alegaciones falsas o en alegaciones insuficientes para establecer un caso de acoso laboral o acoso sexual.

2. Si el resultado de la investigación demostró que las alegaciones de la querella eran falsas o insuficientes.

3. Si la parte demandada presentó la querella en contra de Morales Vallellanes como una represalia en contra de este debido a que le amonestaba e informaba de su conducta al patrono.

4. Si las partes que fueron notificadas de la querella de la parte demandada eran ajenas al proceso investigativo o si eran parte de este.

5. Si la parte demandada incurrió en actos constitutivos de difamación.

6. Si la parte demandante efectivamente sufrió daños por la querella.

---

[34] Notas al calce omitidas.

Por lo que concluyó, entre otros, que la aplicación estricta del mandato de la Regla 33 de Procedimiento Civil implicaría que consideraciones técnicas prevalecieran en detrimento de la justicia sustancial.[35] En vista de ello y dada las controversias de hechos sustanciales antes dicha, determinó que no se encontraba en posición de resolver el caso mediante la vía sumaria. Por lo que, declaró *No Ha Lugar* la *Moción de sentencia sumaria parcial* presentada por los demandantes-peticionarios el 17 de octubre de 2024 y ordenó la continuación de los procedimientos.

Oportunamente, el **18 de marzo de 2025** los demandantes-peticionarios presentaron una *Moción de reconsideración*.[36] Solicitaron que se dejara sin efecto la *Resolución* y que se brindara todo el valor probatorio que dispone la Regla 33 de Procedimiento Civil en cuanto a la aceptación del requerimiento de admisiones.

De igual forma, el **25 de marzo de 2025** la señora López Rosa presentó: *Réplica a moción de reconsideración.[37]* En esta solicitó que se declarara No Ha Lugar la moción de reconsideración presentada por los demandantes-peticionarios y que se sostuviese la determinación previa del tribunal.

En consecuencia, el **26 de marzo de 2025** el TPI emitió una *Resolución* en la cual atendió los escritos de las partes y declaró *No Ha Lugar* la solicitud de reconsideración presentada por los demandantes-peticionarios.[38]

Inconformes, el **25 de abril de 2025** el señor Morales Vallellanes y la señora Góez Lozano incoaron ante este tribunal una *Petición de certiorari.* Señalaron los siguientes errores:

> *PRIMER ERROR: EL TPI INCURRIÓ EN ABUSO DE DISCRECIÓN Y ERROR MANIFIESTO AL DESCARTAR Y/O LEVANTAR Y/O ELIMINAR Y/O ENMENDAR LOS HECHOS Y/U OPINIONES DE HECHOS QUE FUERAN ADMITIDOS EN DOS (2) OCASIONES CORRESPONDIENTES AL*

---

[35] 32 LPRA Ap. V, R. 33; *Íd.*, a la pág. 23.
[36] Apéndice de los peticionarios, Anejo III, a las págs. 7-11.
[37] Apéndice de los peticionarios, Anejo II, a las págs. 3-6.
[38] Apéndice de los peticionarios, Anejo I, a las págs. 1-2.

*REQUERIMIENTO DE ADMISIONES CURSADO POR LA PARTE DEMANDANTE A LA DEMANDADA.*

*SEGUNDO ERROR: EL TPI INCURRIÓ EN ABUSO DE DISCRECIÓN Y ERROR MANIFIESTO AL PERMITIR QUE LA PARTE DEMANDADA CONTESTARA TARDÍAMENTE DE FACTO EL REQUERIMIENTO DE ADMISIONES QUE FUERA DADO POR ACEPTADO Y/O ADMITIDO EN DOS (2) OCASIONES ADOPTANDO LO CONTROVERTIDO PARA RECHAZAR LA SOLICITUD DE SENTENCIA SUMARIA PARCIAL DE LA DEMANDANTE A BASE DE CONSIDERACIONES TÉCNICAS EN DETRIMENTO DE LA JUSTICIA SOCIAL.*

A modo de réplica, el **2 de junio de 2025** la señora López Rosa presentó su *Oposición a la petición de certiorari.* Así, con el beneficio de la comparecencia ambas partes, dimos por sometido el asunto.

**-II-**

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[39] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[40]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[41]

Todavía más, bajo el carácter de discrecionalidad la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los

---

[39] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337–338 (2012).

[40] *García v. Asociación,* 165 DPR 311, 321 (2005).

[41] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

siguientes criterios para mostrar causa o para la expedición del auto

de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[42]

En ese sentido, el Tribunal Supremo de Puerto Rico ha

dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[43]

De manera, que si la actuación del foro recurrido no está

desprovista de base razonable ni perjudica los derechos sustanciales

de las partes, deberá prevalecer el criterio del juez de instancia a

quien le corresponde la dirección del proceso.[44]

**-III-**

En síntesis, los demandantes-peticionarios argumentan que el

TPI erró al excluir de las determinaciones de hechos no

controvertidos, el requerimiento admitido y al permitir la

contestación *de facto* al requerimiento de admisiones al acoger los

argumentos de la recurrida impugnando las admisiones.

Luego de examinar la totalidad del expediente, así como la

*Resolución* recurrida, y el derecho aplicable, concluimos que la

---

[42] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 62, 215 DPR __ (2025).
[43] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[44] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).

determinación constituye una decisión correcta y razonable dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad para manejar los casos de la manera que entiendan más adecuada.

Por lo cual resolvemos que, aun cuando estamos ante una moción dispositiva contemplada en la referida Regla 52.1 de Procedimiento Civil, del presente caso no surge prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con prejuicio, parcialidad o error manifiesto. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, no es irrazonable la continuación de los procesos para que se proceda a dilucidar en un juicio plenario aquellas cuestiones de credibilidad sobre los asuntos en controversia.

En consecuencia, la *Resolución* recurrida merece nuestra deferencia, de modo que no variaremos el dictamen.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones